**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**\*\* E-filed June 12, 2012 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RANDALL BOND; TRINI BOND,

               Plaintiffs,

    v.

CAL WESTERN RECONVEYANCE
CORP,; ET AL.,

               Defendants.

_____/

No. C12-01523 HRL

**ORDER (1) GRANTING
DEFENDANT'S MOTION TO
DISMISS; (2) DENYING PLAINTIFF'S
MOTION FOR A PRELIMINARY
INJUNCTION; and (3) CONTINUING
THE INITIAL CASE MANAGEMENT
CONFERENCE**

**[Re: Docket Nos. 9, 12]**

       This action arises out of foreclosure proceedings. Plaintiffs Randall and Trini Bond sued

Wells Fargo Bank, N.A. ("Wells Fargo"), the servicer of a consumer loan they obtained from World

Savings Bank to refinance their residential mortgage, in state court. Dkt. No. 1 ("Notice of

Removal"); Dkt. No. 1, Exh. A ¶ 15 ("Complaint"). Plaintiffs also sued LSI Title Company ("LSI")

as "agent for the . . . beneficiary [Wells Fargo]" and Cal-Western Reconveyance Corp. ("Cal

Western") as the trustee of the Deed of Trust. Id. ¶ 17. Neither LSI nor Cal Western have joined in

Wells Fargo's removal of the action to federal court. Plaintiff states 14 claims for relief: (1) breach

of oral contract; (2) breach of written contract; (3) wrongful foreclosure; (4) quiet title; (5) slander

of title; (6) cancellation of instruments; (7) promissory estoppel;  (8) negligence;  (9) negligent

misrepresentation;  (10) fraud;  (11) violation of the Rosenthal Fair Debt Collection Practices Act;

**United States District Court**
For the Northern District of California

(12) unfair business practices under Cal. Bus & Prof. Code § 17200, et seq.; (13) declaratory relief; and (14) injunctive relief.

Wells Fargo moves to dismiss the complaint and requests judicial notice of five documents in support of its motion. Dkt. No. 9. Plaintiffs have not opposed the motion. Plaintiffs have moved for a preliminary injunction to halt the foreclosure sale. Dkt. No. 12. Wells Fargo opposed the motion, and requests judicial notice of additional documents in support of its opposition. Dkt. Nos. 13, 14. Plaintiffs have not filed any reply. This court held a hearing on the motions to dismiss and for a preliminary injunction on May 15, 2012. Plaintiffs made no appearance. All parties who have been served have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c). Based on the moving papers, the arguments presented at hearing, and all applicable authority, the court rules as follows.

## I.    Whether Defendants LSI and Cal-Western Are Fraudulent Defendants

Wells Fargo argues in its Notice of Removal that co-defendants LSI and Cal Western, who did not join in the removal and have not been served in this action, are fraudulent defendants whose presence is not required for removal and whose citizenship[1] should not be allowed to destroy diversity jurisdiction over this action. Notice of Removal. Plaintiffs have raised no opposition to Wells Fargo's claim in any papers filed in this court. In their complaint, plaintiffs refer to defendants Cal Western and LSI collectively as the "Sale Trustee." Plaintiffs include the sale trustee in the following claims: (1) wrongful foreclosure; (2) slander of title; (3) cancellation of instrument; (4) negligence; (5) violations of Cal. Bus. & Prof. Code § 17200; (6) declaratory relief; and (7) injunctive relief.

"[F]raudulently joined defendants will not defeat removal on diversity grounds." Nong v. Wells Fargo Bank, N.A., 2010 U.S. Dist. LEXIS 131890, *2 (C.D. Cal. Nov. 22, 2010) (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Joinder of a non-diverse defendant is fraudulent if "the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state." Hamilton Materials,

---

[1] The complaint alleges that both LSI and Cal-Western are California citizens. Since plaintiffs are also citizens of California, diversity jurisdiction would be destroyed if LSI and Cal Western are determined to be defendants properly joined in this action.

United States District Court
For the Northern District of California

1  Inc. v. Dow Chemical Co., 494 F.3d 1203, 1206 (9th Cir. 2007). "Fraudulent joinder must be proven

2  by clear and convincing evidence, [and] there is a general presumption against fraudulent joinder."

3  Id. "The defendant must demonstrate that there is no possibility that the plaintiff will be able to

4  establish a cause of action in State court against the alleged sham defendant." Good v. Prudential

5  Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (citing Dodson, 951 F.2d at 42). But, "[i]t

6  is well established that, unless an agent or employee acts as a dual agent . . . [it] cannot be held

7  individually liable as a defendant unless [it] acts for [its] own personal advantage." Nong, 2010 U.S.

8  Dist. LEXIS 131890 at *4 (quoting Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003)).

9       In this action, plaintiffs assert that LSI and Cal Western acted as "agent" and "trustee,"

10 respectively, of Wells Fargo when they executed the Notice of Default. Complaint ¶ 17. Plaintiffs

11 make no allegation that either LSI or Cal Western acted as a "dual agent" or for personal advantage.

12 In Nong, the court held that a title company (LSI, in fact) was merely an "agent" and fraudulently

13 joined defendant when it recorded the Notice of Default and did not act as a "dual agent" or for

14 personal advantage. 2010 U.S. Dist. LEXIS 131890 at *4-5. In addition, foreclosure trustees have

15 been held to be "agents" of the lien holder, and not separately liable for violations of statutory

16 foreclosure notice requirements. See Cisneros v. Instant Capital Funding Group, Inc., 263 FRD 595

17 (E.D. Cal. 2009). As in Nong, the plaintiffs allege that LSI and Cal Western were an "agent" and a

18 "trustee," respectively. Plaintiffs only allege that LSI and Cal Western violated statutory notice

19 requirements, which, as Cisneros held, does not create separate liability for agents or trustees.

20      Plaintiffs have failed to state a claim for relief against LSI or Cal Western accordingly to the

21 settled rules of California law. Accordingly, LSI and Cal Western are fraudulent defendants whose

22 citizenship shall not destroy diversity jurisdiction over this action. Wells Fargo also asserts that LSI

23 and Cal Western are nominal parties. Notice of Removal ¶ 9. The court does not find it necessary to

24 reach this argument because it has found that the defendants are fraudulently joined.

25      **II.     Wells Fargo's Motion to Dismiss**

26      *Legal Standard*

27      A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the

28 legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable

legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. <u>See</u> <u>Balistreri</u>, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994). Documents which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief. <u>See</u> <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," meaning that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). <u>See also</u> <u>Iqbal</u>, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss. <u>Bell Atlantic Corp.</u>, 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> But, claims for fraud must be pled "with particularity." Fed. R. Civ. P. 9(b).

*Discussion*

    A. <u>Defendant's Request for Judicial Notice</u>

Wells Fargo requests that the court take judicial notice of five documents in support of its motion to dismiss: (1) a Deed of Trust signed by plaintiffs and recorded with the Santa Clara County recorder on April 26, 2005; (2) a letter dated November 17, 2007 from the Office of Thrift Supervision to the Vice President and Assistant General Counsel of Wachovia Corp.; (3) a letter dated November 9, 2009 from the Comptroller of Currency to the Vice President of Wells Fargo

United States District Court
For the Northern District of California

4

United States District Court
For the Northern District of California

1  Bank; (4) a Notice of Default recorded with the Santa Clara County recorder on November 16,

2  2011; and (5) a Certificate of Corporate Existence dated April 26, 2006. Dkt. No. 10. It also requests

3  judicial notice of two documents in support of its opposition to plaintiff's motion for a preliminary

4  injunction: (1) a Substitution of Trustee dated December 23, 2011 and recorded with the Santa Clara

5  County recorder on January 10, 2012; and (2) a Notice of Trustee's Sale, dated February 17, 2012

6  and recorded with the Santa Clara County recorder on the same date.

7       In deciding a motion to dismiss, the court is ordinarily limited to only "allegations contained

8  in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."

9  Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir. 2007).  Under Fed. R. Evid. 201(b), a

10 "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally

11 known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready

12 determination by resort to sources whose accuracy cannot reasonably be questioned." Such facts

13 include matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

14 "[D]ocuments are judicially noticeable only for the purpose of determining what statements are

15 contained therein, not to prove the truth of the contents or any party's assertion of what the contents

16 mean." United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004).

17      Four of the seven documents are in the public record. Accordingly, the court may and will

18 take judicial notice of the Deed of Trust, the Notice of Default, the Substitution of Trustee, and the

19 Notice of Trustee's Sale.

20      One of the documents is a Certificate of Corporate Existence. Although Wells Fargo has not

21 directed the court to a website or other place where the certificate could be verified, the court

22 concludes that the fact of World Savings Bank's corporate existence in 2006 could be determined by

23 resort to public or quasi-public sources whose accuracy cannot be questioned. Accordingly, the

24 court will judicially notice the Certificate.

25      Finally, two of the five documents are correspondence between federal governmental

26 agencies and banks. One letter is to Wachovia Corp., and the other is to Wells Fargo Bank, N.A.

27 Wells Fargo has not offered any evidence that these documents are part of the public record.

28

5

United States District Court
For the Northern District of California

1   However, courts in this district have judicially noticed these very letters. See Nguyen v. Wells Fargo

2   Bank, N.A., 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010). This court will do the same.

3                    B.   Plaintiff's Claims Reliant on HAMP Violations

4        Several of plaintiffs' claims rely on alleged Home Affordable Modification Program

5   ("HAMP") violations. Plaintiffs allege that they are third-party beneficiaries of Wells Fargo's

6   contract to comply with HAMP, but this assertion is squarely contradicted by governing authority.

7   All claims reliant upon alleged HAMP violations must be dismissed.

8        In the context of government contracts, such as HAMP, there is a presumption that any

9   beneficiaries are only incidental beneficiaries. "Parties that benefit from a government contract are

10  generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear

11  intent to the contrary." Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1211

12  (9th Cir.1999). The vast majority of courts to consider whether borrowers are intended beneficiaries

13  of HAMP have determined that they are not.  See Hoffman v. Bank of America, N.A., No C10-2171

14  SI, 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (collecting cases).  Indeed, "[a]s many courts

15  have recognized, it would be unreasonable for a qualified borrower seeking a loan modification to

16  rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement does

17  not actually require that the servicer modify all eligible loans, nor does any of the other language of

18  the contract demonstrate that the borrowers are intended beneficiaries." Hoffman, 2010 WL

19  2635773 at *4.

20       Plaintiffs' claims for breach of oral contract, breach of written contract, promissory estoppel,

21  and for liability under the Rosenthal Act are all premised on the allegation that Wells Fargo failed to

22  comply with the HAMP guidelines by initiating foreclosure proceedings while plaintiffs were trying

23  to pursue a loan modification, and seek recovery on the basis that plaintiffs are third party

24  beneficiaries of the HAMP contract. The oral contract claim states that Wells Fargo promised or told

25  plaintiffs it would not initiate foreclosure proceedings while a loan modification application was

26  pending. Complaint ¶ 25. The written contract claims states that Wells Fargo violated the terms of

27  its HAMP contract with Fannie Mae. Id. ¶¶ 29-32. The promissory estoppel claim also explicitly

28  refers to Wells Fargo having violated its responsibilities under HAMP. Id. ¶¶ 68-70. The Rosenthal

Act claim asserts that Wells Fargo was a debt collector and made a false representation that, if plaintiffs applied for a loan modification, it would not institute foreclosure proceedings. Id. ¶¶ 100-02. Although plaintiffs do not explicitly reference HAMP in this claim, their argument is essentially that Wells Fargo said it would comply with HAMP provisions but did not do so. Plaintiffs are not, as they allege, third-party beneficiaries under HAMP. Accordingly, plaintiffs' claims for breach of oral contract, breach of written contract, promissory estoppel, and the Rosenthal Act are DISMISSED. Plaintiffs may amend these claims if they can do so without reliance upon any provisions of HAMP or alleged duties or rights thereunder.

### C.  Plaintiffs' Claims Requiring an Allegation of Tender

Several of plaintiffs' claims must fail because plaintiffs have not alleged tender of the amount owed on their loan. Their claims for wrongful foreclosure, quiet title, and cancellation of instruments allege irregularities or impropriety in the foreclosure proceedings and sale. See Complaint ¶¶ 35-43, 48, 59-63. An allegation of tender is "essential to an action to cancel a voidable sale under a deed of trust." Phat Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1033-1035 (N.D. Cal. 2010); see also Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (Cal. App. 1st Dist. 1996) (finding that borrowers are "required to allege tender of the amount [owed] . . . to maintain any cause of action for irregularity in the sale procedure"). In addition, "courts in California continually treat tender or at least the allegation of ability to do so as a necessary part of a valid claim for rescission of a contract." Davenport v. Litton Loan Servicing, L.P., 725 F. Supp.2d 862, 880 (N.D. Cal. 2010).

Accordingly, plaintiffs' claims for wrongful foreclosure, quiet title, and cancellation of instruments are DISMISSED. Plaintiffs may amend these claims only if they can truthfully allege tender.

### D.  Plaintiff's Claim for Slander of Title

Plaintiffs allege that the "sale trustee" slandered plaintiffs' title to the subject property by issuing the various notices required in foreclosure proceedings. Complaint ¶¶ 51-53. Plaintiffs do not allege any acts whatsoever by Wells Fargo in this claim. "'Slander of title' . . . may be defined to be defamation of title to property, real or personal, by one who falsely and maliciously disparages

7

the title thereto, and thereby causes the owner thereof some special pecuniary loss or damage. . . . [M]alice, express or implied, in the making of slanderous statements is an essential ingredient of a cause of action for damages for slander of title." Howard v. Schaniel, 113 Cal. App. 3d 256, 263 (Cal. App. 4th Dist. 1980). While plaintiffs allege that the fraudulent defendants made false statements by issuing the Notice of Default and other documents, there are no allegations of *malice*, an "essential ingredient" of a claim for slander of title. In addition, although plaintiffs state this claim against all defendants, Wells Fargo is never named in the claim, and plaintiffs make no allegations against Wells Fargo.

Accordingly, this claim must be DISMISSED. Because plaintiffs have made no allegations against Wells Fargo, the only non-fraudulent defendant in this action, and because plaintiffs have made no allegation of malice (and indeed, the court is highly skeptical that plaintiffs could truthfully allege malice), this claim is dismissed without leave to amend.

### E.   Plaintiff's Claim for Negligence

The elements of a negligence cause of action under California law are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. Paz v. California, 22 Cal. 4th 550, 93 Cal. Rptr. 2d 703, 994 P.2d 975, 980-81 (Cal. 2001). In California, there is generally no duty of care owed to a borrower by a lender. See Nymark v. Heart Federal Savings & Loan Ass'n, 231 Cal. App.3d 1089 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."). "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" Wagner v. Benson, 101 Cal. App.3d 27, 161 Cal. Rptr. 516, 521 (1980). Plaintiff has not made any allegations that Wells Fargo acted "beyond the domain of . . . money lender."

Accordingly, no duty of care exists and plaintiffs' claim must be DISMISSED. Plaintiffs may amend this claim only if they can truthfully allege some action by Wells Fargo above and beyond the role of money lender, so as to give rise to a duty of care.

### F.   Plaintiff's Claims for Fraud and Negligent Misrepresentation

**United States District Court**
For the Northern District of California

1    To prove fraud under California law, plaintiffs must establish: (1) misrepresentation, (2)

2    scienter or knowledge of its falsity, (3) intent to induce reliance (intent to defraud), (4) actual,

3    detrimental, and justifiable reliance, and (5) resulting damage. Hinesley v. Oakshade Town Ctr., 135

4    Cal. App.4th 289, 294 (2005). "'It is well-settled in the Ninth Circuit that misrepresentation claims

5    are a species of fraud, which must meet Rule 9(b)'s particularity requirement." Settle v. World Sav.

6    Bank, F.S.B., 2012 U.S. Dist. LEXIS 4215, *17 (C.D. Cal. Jan. 11, 2012) (quoting Meridian Project

7    Sys., Inc. v. Hardin Constr. Co., 404 F.Supp.2d 1214, 1219 (E.D. Cal. 2005)). "[F]raud allegations

8    must include the "time, place, and specific content of the false representations as well as the

9    identities of the parties to the misrepresentations." Id. at *17-18 (citing Swartz v. KPMG LLP, 476

10   F.3d 756, 764 (9th Cir. 2007)).

11   Plaintiffs' claims for fraud and negligent misrepresentation fall well short of the

12   requirements of Fed. R. Civ. P. 9(b). Plaintiffs name no individuals anywhere in their complaint, nor

13   do they describe any specific conduct or false representations by any employee or agent of Wells

14   Fargo. Rather, their claims all rely on the same, very general allegations that Wells Fargo failed to

15   abide by the HAMP guidelines (which, as explained above, does not give rise to a private right of

16   action), and that the sale trustee was not authorized to issue various notices or conduct foreclosure

17   proceedings (which, as explained above, does not create separate liability for the sale trustee).

18   Accordingly, these claims are DISMISSED. Plaintiffs may amend these claims only if they can

19   truthfully allege the kind of particularized facts required for fraud claims under Fed. R. Civ. P. 9(b).

20   G.   Plaintiff's Claim for Violation of Cal. Bus. & Prof. Code § 17200 et seq.

21   Cal. Bus. & Prof. Code § 17200, et seq. ("UCL") allows a plaintiff to recover for "fraudulent

22   business act[s] or practice[s]." In its motion to dismiss, Wells Fargo asserts that the Home Owner's

23   Loan Act ("HOLA") preempts plaintiffs' UCL claim. Dkt. No. 9, pp. 18-19. Wells Fargo's

24   statement of the law is correct. The UCL is preempted when plaintiffs seek to challenge

25   "processing, origination, servicing, sale or purchase of, or investment or participation in,

26   mortgages." See Settle v. World Sav. Bank, F.S.B., 2012 U.S. Dist. LEXIS 4215, *37 (C.D. Cal.

27   Jan. 11, 2012) ("Plaintiffs cannot sue Wells Fargo under the UCL, however, because such claims are

28   preempted by the Home Owner's Loan Act ('HOLA'), 12 U.S.C. § 1461 et seq., and regulations

1   promulgated thereunder by the Office of Thrift Supervision ('OTS')"); 12 C.F.R. § 560.2(b) (listing

2   categories of state law explicitly preempted by HOLA).

3       Here, plaintiffs repeat many of the allegations contained elsewhere in the complaint, as well

4   as some allegations that appear to have nothing to do with plaintiffs' own claims, briefly

5   summarized as follows: the defendants (1) executed a variety of foreclosure-related documents

6   (such as substitution of trustee forms) improperly; (2) failed to comply with certain California notice

7   requirements; (3) violated HAMP guidelines; (4) "misrepresent[ed] the foreclosure status of

8   properties to borrowers"; and (5) "demand[ed] and accept[ed] payments for debts that were non-

9   existent." Complaint ¶ 107. Of these, plaintiffs have alleged that the first three happened in their

10  case, but they never assert that the last two occurred. In any event, all of these activities relate to

11  servicing mortgages and collecting payment thereon, and so fall squarely into "processing,

12  origination, servicing, sale or purchase of, or investment or participation in, mortgages." Settle,

13  2012 U.S. Dist. LEXIS 4215, *37.

14      Accordingly, plaintiff's UCL claim is preempted and must be DISMISSED, without leave to

15  amend.

16              H.   Plaintiff's Claim for Declaratory Relief

17      When there is an "actual controversy" between parties, a federal court may "declare the

18  rights and other legal relations" of the parties. 28 U.S.C. § 2201. The standard used to determine

19  whether there is an actual controversy is the same as the "case or controversy" requirement of the

20  U.S. Constitution. Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1993). Because this

21  court will dismiss all other claims in the complaint, there is no federal cause or controversy over

22  which the court may hear a claim for declaratory relief.

23              I.   Plaintiff's Claim for Injunctive Relief

24      Injunctive relief is a remedy, not a claim. Accordingly, this claim is dismissed without leave

25  to amend to the extent plaintiffs seek to assert it as a separate claim for relief.

26  **III.    Plaintiffs' Motion for a Preliminary Injunction**

27      Plaintiffs also move for a preliminary injunction to halt the impending foreclosure sale. Dkt.

28  No. 12. A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

**United States District Court**
For the Northern District of California

10

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. <u>Winter v. NRDC, Inc.</u>, 555 U.S. 7, 20 (U.S. 2008) (<u>citing</u> <u>Munaf v. Geren</u>, 553 U.S. 674, 689-690, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008); <u>Amoco Production Co. v. Gambell</u>, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987); <u>Weinberger v. Romero-Barcelo</u>, 456 U.S. 305, 311-312, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982)).

Rather than addressing the well-settled elements of a motion for a preliminary injunction, plaintiffs spend much of their motion repeating the allegations contained in the complaint that LSI and Cal Western were not authorized to institute foreclosure proceedings even if they were acting as agents of Wells Fargo. <u>See</u> Dkt. No. 12, pp. 5-6. Plaintiffs assert that there is a "great likelihood" they will succeed on the merits because "defendants do not have standing to foreclose." Dkt. No./ 12, pp. 7-8. But they admit that a beneficiary has the power to foreclose. Dkt. No. 12, p. 7. Since Wells Fargo was indisputably the beneficiary, Wells Fargo and its agents did have the power to foreclose once plaintiffs went into default on their loan. Not only have plaintiffs failed to present a valid "standing" argument (and the court is skeptical that "standing" is the appropriate term in this instance), their inability to state even a single viable claim for relief illustrates that they have *not* established a likelihood of succeeding on the merits of their claims.

Plaintiffs have completely ignored the remaining factors to be considered. They have not alleged that irreparable harm would result in the absence of preliminary relief, nor have they made any argument that the balances of equities tip in their favor or that an injunction would be in the public interest. Plaintiffs did not even appear at the May 15 hearing to argue in support of their motion for preliminary injunction. In the absence of any evidence in support of granting such a motion, the court cannot possibly conclude that a preliminary injunction is warranted. Accordingly, plaintiffs' motion is DENIED.

**IV.    Conclusion**

Based on the foregoing, IT IS ORDERED THAT:

**United States District Court**
For the Northern District of California

1.  Wells Fargo's motion to dismiss is GRANTED, and plaintiff's complaint is dismissed with leave to amend, except as to the claims for slander of title and violation of the UCL, which are dismissed without leave to amend;

2.  Plaintiff's motion for a preliminary injunction is DENIED.

Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above. The court is dubious that plaintiffs can truthfully allege facts sufficient to state the claims above, especially in light of their failure to oppose Wells Fargo's motion to dismiss or appear at the hearing held on the motion to dismiss and motion for a preliminary injunction. Plaintiffs are cautioned not to waste judicial resources by filing an amended complaint that does not cure the numerous deficiencies contained in the original complaint. To the extent plaintiffs intend to assert new or different claims for relief or add new parties, they must make an appropriate application pursuant to Fed. R. Civ. P. 15. Plaintiff may file and serve any amended complaint within **14 days** from the date of this order. The Initial Case Management Conference, currently set for June 26, 2012, is CONTINUED to **July 24, 2012** at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: June 12, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1   **C12-01523 HRL** **Notice will be electronically mailed to:**

2   John Fennacy                johnfennacy@att.net
    Anton Hasenkampf            ahasenkampf@allenmatkins.com
3   Keith Yandell               kyandell@allenmatkins.com
    Marshall Wallace            mwallace@allenmatkins.com
4
    **Counsel are responsible for distributing copies of this document to co-counsel who have not**
5   **registered for e-filing under the court's CM/ECF program.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

13