NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RANDALL C. BOND; ET AL., | No. C12-01523 HRL |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT OF DISMISSAL** |
| v. | |
| CAL-WESTERN RECONVEYANCE CORP.; ET AL., | **[Re: Docket No. 20]** |
| Defendants. | |

Randall and Trini Bond sued Wells Fargo Bank, N.A. ("Wells Fargo"), their residential refinance loan servicer, Cal-Western Reconveyance Corp. ("Cal-Western"), the trustee of the Deed of Trust, and LSI Title Company ("LSI"), the agent for Wells Fargo, in state court, alleging numerous claims arising out of what plaintiffs contend was an unlawful foreclosure proceeding. See Dkt. No. 1, Exh. A ("Complaint"). Defendant Wells Fargo removed the action to this court. Dkt. No. 1 ("Notice of Removal"). Plaintiffs moved for a preliminary injunction and Wells Fargo moved to dismiss the complaint. Dkt. Nos. 12, 9. Plaintiffs did not oppose Wells Fargo's motion to dismiss, nor did they file any reply to Wells Fargo's opposition to their motion for a preliminary injunction. The court held a hearing on both motions on May 15, 2012. Dkt. No. 15. Plaintiffs did not appear at hearing in support of their motion for a preliminary injunction or to oppose the motion to dismiss. The court denied plaintiffs' motion and granted Wells Fargo's, giving plaintiffs 14 days to file an

amended complaint.[1] Plaintiffs, who are represented by counsel, have not filed an amended complaint, nor have they submitted any filing to the court since April 17, 2012, the date they moved for the preliminary injunction.

Now, Wells Fargo moves for entry of judgment of dismissal pursuant to Fed. R. Civ. P. 41(b). Dkt. No. 20. Plaintiffs have not opposed the motion. All parties have expressly consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Based on the moving papers, arguments presented at hearing, and all applicable authority, the court rules as follows.

LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a defendant to move for an order dismissing a plaintiff s complaint due to the plaintiff s failure to prosecute that action, failure to comply with court orders, and/or failure to comply with the Federal Rules of Civil Procedure. Granting a Rule 41(b) motion is within the sound discretion of the district court. Link v. 18 Wabash R.R. Co., 370 U.S. 626, 633 (1962). "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). Before imposing the sanction of dismissal, courts should consider the following factors when considering voluntary dismissal under Rule 41(b): "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (internal citations omitted)); Southwest Marine, Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000).

DISCUSSION

Wells Fargo contends that dismissal is now appropriate because plaintiffs have failed to file an amended complaint, which constitutes a failure to prosecute and a violation of this court's Order of May 15, 2012. In essence, defendant's motion substitutes for an Order to Show Cause re: failure

---
[1] In addition, the court determined that Cal-Western and LSI were fraudulent defendants whose citizenship did not destroy the court's diversity jurisdiction over the action and whose failure to join in the removal did not warrant remand. Dkt. No. 15, p. 3.

2

to prosecute that this court could have issued to address plaintiff's failure to act. Wells Fargo argues that four of the five relevant factors weigh in favor of dismissal of the action.

The first factor, the public's interest in expeditious resolution of litigation, "always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003). The Ninth Circuit has found this factor to be especially compelling in favor of dismissal when "[p]laintiffs' noncompliance has caused the action to come to a complete halt, thereby allowing [p]laintiffs to control the pace of the docket rather than the Court." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Here, since the court dismissed plaintiffs' complaint in its entirety, plaintiffs' failure to file an amended pleading has caused the case to grind to a complete halt. Accordingly, this factor weighs strongly in favor of dismissal.

Next, the court must consider its need to manage its docket. "This factor is usually reviewed in conjunction with the public's interest in expeditious resolution." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227. "Where a court order is violated, the first and second factors will favor sanctions." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004). Here, the court's Order of May 15 state that plaintiffs "*may* file and serve any amended complaint within 14 days," so it is not as though plaintiffs have refused to comply with some express directive given by the court. However, if plaintiffs wished to pursue this action, they would have had to supply a complaint, which they have not done. Without a complaint, this case will simply languish on the court's docket, unable to proceed. Accordingly, this factor also favors dismissal.

Third, the court considers whether there is any prejudice to defendants. "In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay." In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994). Moreover, the Ninth Circuit, "has consistently held that the failure to prosecute diligently is sufficient *by itself* to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (emphasis added). While the presumption is a rebuttal one, plaintiffs in this case have made no effort to rebut that presumption. "Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's

preparations." Id. at 525 (citing Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1965). Therefore, this favor too favors dismissal.

The fourth factor, favoring dispositions on the merits, always weighs against dismissal. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1228. "Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and 'to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.'" Grubb v. Hernandez, 2009 U.S. Dist. LEXIS 131034, *7 (C.D. Cal. Mar. 23, 2009) (quoting In re Eisen, 31 F.3d at 1452). Here, plaintiffs have not fulfilled their obligation.

Finally, the court considers whether less drastic sanctions[2] are available. However, this consideration does not require that the court actually impose less drastic sanctions before dismissing an action. In this case, the alternative sanctions available would not cure plaintiffs' failure to prosecute with "reasonable diligence." See Anderson, 542 F.2d at 524 (stating that "the failure to prosecute diligently is sufficient by itself to justify a dismissal"). As the court has no information about whether the present inaction is caused by the delinquency of plaintiffs or of their attorney, it seems inappropriate to impose monetary sanctions, costs, or fees on either, and certainly there are no apparent grounds for suspending plaintiffs' counsel from practicing before the court. As no scheduling order has yet been issued in the case, it would be difficult to place it "at the bottom of the calendar." The court concludes that a warning would be of little use, since plaintiffs have simply ignored these proceedings since April 2012. And as the court has already dismissed all of plaintiffs' claims, there is nothing left for the court to preclude. "This action cannot proceed without a complaint on file." Grubb, 2009 U.S. Dist. LEXIS 131034 at *6. Although less drastic sanctions might be available, plaintiffs have failed to offer any evidence that might guide the court toward the appropriate imposition of some lesser sanction. Accordingly, this factor also favors dismissal.

---

[2] Alternative sanctions include: "'a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . .'" Malone v. United States Postal Service, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (quoting Titus v. Mercedes Benz of North America, 695 F.2d 746, 749 n.6 (3d Cir. 1982)).

Even though dismissal is a harsh remedy, it is appropriate in this case. Wells Fargo's motion is GRANTED, and this case is DISMISSED without prejudice. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: August 7, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C12-01523 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| John Fennacy | johnfennacy@att.net |
| Anton Hasenkampf | ahasenkampf@allenmatkins.com |
| Keith Yandell | kyandell@allenmatkins.com |
| Marshall Wallace | mwallace@allenmatkins.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**